UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DANIEL FLING,

        *Plaintiff*,

   v.

ANDREW MARTIN, et al.,

        *Defendants*.

Civil Action No. 1:19-cv-00693 (CJN)

**MEMORANDUM OPINION**

Daniel Fling alleges that the U. S. Postal Service and its agents (collectively, "USPS"), violated his First Amendment right to freedom of speech and freedom of association and his Fifth Amendment due process rights when they terminated him. *See generally* Am. Compl., ECF No. 3. USPS moved to dismiss on several grounds, including that the resolution of a prior action filed by Fling in the Eastern District of Virginia precludes this suit. *See generally* Defs.' Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss ("Defs.' Mem.") at 11, ECF No. 8-1. For the reasons below, the Court grants USPS's Motion.

**I.    Background**

Fling is a former senior mail carrier for the USPS. In 2014, he successfully challenged USPS's attempt to terminate him for complaints about inappropriate conduct by filing a grievance contesting the bases for his removal. Am. Compl. ¶¶ 46–47, 52. Four years later, USPS again terminated him for similar conduct. *Id.* ¶ 62. In particular, in mid-January 2017, a USPS customer had complained that certain encounters she had with Fling made her feel "uneasy," *id.* ¶ 66, and in March 2017, Fling was provided with a Notice of Removal based on both the conduct underlying the 2014 grievance and the 2017 customer complaint. *Id.* ¶¶ 76–78.

In November 2017, Fling filed suit in the U.S. District Court for the Eastern District of Virginia alleging that his termination constituted a breach of the collective bargaining agreement between USPS and the National Association of Letter Carriers ("NALC"), as well as a breach of NALC's duty of fair representation under 29 U.S.C. § 185 and 39 U.S.C. § 1208(b). *Id.* ¶ 98. That court dismissed Fling's complaint with prejudice on statute of limitation grounds. *Id.* ¶¶ 100–01.[1]

Almost a year later, Fling filed the current lawsuit.[2] He asserts three claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that his termination violated his First Amendment right to freedom of speech and freedom of association and his Fifth Amendment due process rights. Am. Compl. ¶¶ 131–51.[3] USPS moved to dismiss on several grounds,[4] including that res judicata precludes Fling's claims. *See generally* Defs.' Mem. at 11. Fling opposes USPS's Motion and partially moved for summary judgment on certain claims. *See generally* Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot and In Supp. of Pl.'s Cross-Mot. for Summ. J. ("Pl.'s Cross-Mot."), ECF No. 10-1.

---

[1] The court dismissed all claims as time-barred under the six-month statute of limitations period under Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). Pl.'s Cross-Mot. at 2.

[2] Fling's suit names USPS; Megan J. Brennan, in her official capacity as Postmaster General; Daniel Grant, in his official capacity as Postmaster of the West McLean USPS Branch; Frederico Bynoe, in his official capacity as Carrier Supervisor at the West McLean USPS Branch; and Andrew Martin, in his official capacity as Customer Service Supervisor at the West McLean USPS Branch. *See generally* Am. Compl.

[3] Fling originally brought claims allegedly arising under 42 U.S.C. § 1983 and the Fourteenth Amendment; however, he has since dropped them. Pl.'s Mot. at 5 n.8.

[4] USPS also argues that sovereign immunity bars Fling's constitutional claims, that Fling fails to state a claim under the First and Fifth Amendments, that Fling's Fourteenth Amendment and § 1983 claims cannot be maintained, and that *Bivens* does not apply to Fling's constitutional claims. Defs.' Mem. at 1.

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Fling must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept all well-pleaded facts alleged in the Complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. *W. Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1240–41 (D.C. Cir. 2018).

## III.     Analysis

The doctrine of res judicata—or claim preclusion—prevents "repetitious litigation involving the same cause of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). A subsequent lawsuit will be precluded "if there has been a prior litigation (1) involving the same claims or cause of action (2) between the same parties or their privies (3) there has been a final, valid judgment on the merits, and (4) by a court of competent jurisdiction." *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006).

Fling concedes that three of those four elements are met here, and challenges only whether this case and the prior action "involv[e] the same claims or cause of action," *id.* Fling argues that, because he asserts different claims here than he asserted in his prior suit, and because his constitutional claims were never adjudicated in that prior suit, res judicata does not apply. *See* Pl.'s Cross-Mot. at 31. USPS counters that Fling's current and previous action do involve the same claims or cause of action because they are based on the same nucleus of facts—Fling's termination and the events leading to it. Defs.' Reply in Supp. of Mot. to Dismiss at 5, ECF

No. 15.  In USPS's view, the current Complaint merely contains new legal theories that could have been asserted in the previous action.  Defs.' Mem. at 7.

The Court agrees.  It is well established that the doctrine of res judicata "precludes the parties or their privies from relitigating issues that were or *could have been* raised in [a previous action]."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (emphasis added) (citing *Cromwell v. Cnty. of Sac*, 94 U.S. 351, 352 (1876)).  It is the "facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which the litigant relies."  *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) (citation omitted).  As a result, whether two cases implicate the same causes of action turns on whether they share the same "nucleus of facts."  *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *id.*).  And to determine whether two cases share the nucleus of facts, the Court looks to see if cases are "related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage."  *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (quoting *I.A.M. Nat'l*, 723 F.2d at 949 n.5).

Fling points to no new material allegations in this suit, nor does he identify any change in circumstances since the prior action.  In fact, the present action appears to be based on precisely the same conduct underlying the prior lawsuit.  The relief Fling seeks now is also the same as the relief he sought in his prior suit—reinstatement and restitution for lost pay and benefits, *see, e.g.*, Am. Compl. ¶ 1.  To be sure, Fling has repackaged his allegations with new legal theories, but that is not enough to avoid the preclusive effect of the prior dismissal.  *See Smalls*, 471 F.3d at 192 ("Although Smalls omitted any reference to the Tucker Act and any request for damages

4

in his D.C. complaint, the factors relevant to the transactional analysis point against Smalls in light of his single goal of having his military record corrected . . . .").[5]

Fling's reliance on *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016), does not require a different result.  In *Hellerstedt*, the Court merely held that a *facial*, *pre-enforcement* constitutional challenge to a Texas law requiring admitting privileges for doctors did not preclude a second *as-applied* challenge after the law had been enforced.  *See id.* at 2306.  In the Supreme Court's view, the cases presented different facts based on different circumstances: "Changed circumstances . . . are why the claim presented in [the previous action] is not the same claim as the petitioners' claim here. . . .  Petitioners' claim in this case rests in significant part upon later, concrete factual developments."  *Id.*[6]  Nothing in Fling's Complaint or briefs here suggests that he is relying on new facts or changed circumstances.

---

[5] Fling also tries to distinguish his new constitutional claims from his previous contractual claims by noting the claims have different limitation periods; however, this argument ignores that "it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies."  *Sorenson Commc'ns, LLC v. FCC*, 897 F.3d 214, 226 (D.C. Cir. 2018) (quoting *Page*, 729 F.3d at 820).  And Fling's one-sentence argument that "[h]is EDVA claim was never adjudicated on the merits," Pl.'s Reply in Supp. of Pl.'s Cross-Mot. at 10, ECF No. 17, is waived because it is perfunctory and undeveloped, *see Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived." (citation omitted)); *accord Sherrod v. McHugh*, 334 F. Supp. 3d 219, 265 (D.D.C. 2018) (holding the same), and because he raises it for the first time in his reply brief, *see Lindsey v. District of Columbia*, 879 F. Supp. 2d 87, 95–96 (D.D.C. 2012) (holding that "because the District raised [an] argument for the first time in its reply brief, it is waived" (citations omitted)); *accord Latson v. Holder*, 82 F. Supp. 3d 377, 388 n.4 (D.D.C. 2015) (same).

[6] Fling also argues that the Court should not apply res judicata because its application here "would deny [him] any due process from beginning to end."  Pl.'s Cross-Mot. at 35.  This argument completely ignores the fact that Fling could have brought his constitutional claims in the EDVA litigation.

### IV.     Conclusion

Because Fling's claims are barred by the doctrine of res judicata, USPS's Motion to Dismiss is **GRANTED** and Fling's Partial Motion for Summary Judgment is **DENIED**.  An order will be entered contemporaneously with this Memorandum Opinion.

DATE:  August 7, 2020

*[signature]*

CARL J. NICHOLS
United States District Judge